UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELDA ALANIS,                              )<br>       Plaintiff,              )<br>                                                      )<br>v.                                                    )<br>                                                      )<br>METRA,                                          )<br>       Defendant.          ) | Case No. 12-cv-7508<br>Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Elda Alanis ("Alanis") brings forth this action alleging that defendant Metra discriminated against her because of a disability. Alanis alleges that Metra failed to accommodate her disability and retaliated against her because she filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and complained of discrimination. Alanis also alleges that Metra created a hostile work environment and harassed her by subjecting her to different terms of employment and violating her intermittent Family and Medical Leave Act ("FMLA") rights. Metra moves for summary judgment on all of Alanis' claims. For the following reasons, Metra's motion is granted in its entirety.

**Background**[1]

Alanis was hired by Metra on July 30, 2007 as a DBE Associate. Alanis is presently still employed as a DBE Associate with Metra and spends the majority of her time working from her desk reviewing and inputting invoices or other files. (Alanis Dep. 109:1-23). Alanis' job duties include monitoring DBE compliance on professional service contracts. *Id*. Alanis suffers from several medical conditions including sinus issues, asthma, and thalassemia, which is a blood disorder that causes iron deficiencies. Alanis testified that none of these ailments affected her

---

[1] This case was originally assigned to District Court Judge Conlon when Alanis first filed her complaint pro se on September 19, 2012. On September 27, 2012, Judge Conlon denied Alanis' motion for appointment of counsel as well as Alanis' request to proceed in *forma pauperis*. Discovery was completed and Metra subsequently moved for summary judgment on March 14, 2013. That motion was fully briefed by the parties before Judge Conlon. On June 3, 2013, this case was reassigned to Judge Coleman. On June 25, 2013 Judge Coleman granted plaintiff's motions to proceed in *forma pauperis* and for appointment of counsel. The parties then attempted, but eventually failed, to reach a settlement. On October 15, 2013, Judge Coleman entered an order granting Alanis leave to file an amended response and Rule 56 Statement to Metra's motion for summary judgment. The Court also allowed Metra to file an amended Reply brief. Accordingly, any previous Response or Reply briefs filed before Judge Conlon are stricken as moot and are not considered by this Court for purposes of ruling on the instant motion for summary judgment.

ability to work and that she did not require any accommodations upon employment in 2007. (Alanis Dep at 84:19-23). Alanis also testified that she has narcolepsy and fibromyalgia which affect her ability to sleep and can result in her falling asleep while at work.

Metra has a policy that typically requires all employees to work between the "core hours" of 8:30 am through 4:00 pm. The parties dispute whether Metra also had a flex-time program which exempted certain employees from this general "core hours" requirement. Nonetheless, the parties agree that upon hiring Alanis somehow negotiated a work schedule of 9:00 am to 5:30 pm. Alanis testified that she discussed her work hours with a Metra recruiter who assisted in her hiring process and that she was allowed to work a schedule of 9:00 am to 5:30 pm. Alanis also testified that the reason why she needed this adjusted work schedule was because she wanted to be able to take her son to school. (Alanis Dep. 93:10-12). Alanis also stated that there were no other reasons or issues that required her to start work at 9:00 am. (Alanis Dep. 93:13-14).

When Alanis first started working for Metra in 2007, she worked under the supervision of Sandi Llano. In December 2010, Janice Thomas ("Thomas") was hired to replace Llano upon Llano's retirement in January 2011. In February 2011, Thomas informed Alanis that she would be required to work during Metra's core hours of 8:30 am to 4:00 pm. Alanis argues that her work schedule was changed in retaliation for her complaining to Thomas about alleged discrimination in January 2011. Alanis also filed a complaint with the EEOC on November 28, 2011 alleging that she was subjected to harassment and different terms of employment.

Between 2009 and 2011 Alanis was certified for intermittent leave under the FMLA for her own health conditions as well as health conditions concerning her children. (Dkt. 84 at ¶ 37). Metra required Alanis to have fitness-for-duty examinations after returning from FMLA leave. Alanis argues that the change in her work schedule and Metra's requirement that she have fitness-for-duty examinations violated her ADA and FMLA rights.

**Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. *Johnson v. General Bd. of Pension & Health Benefits of the United Methodist Church*, 733 F.3d 722, 727 (7th Cir. 2013); *see also* Fed. R. Civ. P. 56(c). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the non-moving party "must go

2

beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; *see also* Fed. R. Civ. P. 56(c). All inferences drawn from the facts must be construed in favor of the non-movant.

**Discussion**

   *1. Harassment & Hostile Work Environment*

Initially, Metra moves to dismiss Alanis' harassment and hostile work environment ADA claims as untimely. Metra argues that requiring Alanis to resubmit FMLA certification forms and requiring fitness-for-duty examinations is insufficient to constitute harassment. The Seventh Circuit, "has yet to recognize a cause of action under the ADA for harassment or hostile work environment" claims. *Valadez v. Steiner Corp.*, 156 Fed. Appx. 821, 824 (7th Cir. 2005). Accordingly, based upon the facts of this case, this Court also declines to recognize a cause of action for such claims under the ADA.

   *2. Failure to Accommodate*

Next, Metra moves to dismiss Alanis' failure-to-accommodate claims. Metra argues that Alanis was given reasonable accommodations for her health issues because she was given time off and had been excused from the company's driving requirement. Alanis agrees that Metra never refused to give her time off when medically necessary. (Dkt. 84 at ¶ 73). It is unclear from Alanis' complaint, brief, or supporting affidavit what precise accommodations, beyond time off, were requested or how Metra failed to meet those requests. Alanis merely alleges that she requested "reasonable accommodations" and that she requested a reduced and flexible work schedule, the ability to work from home, and a work office with temperature controls. (Dkt. 13, Compl. at ¶ 13). The record shows no evidence to support Alanis' contentions that she requested an adjusted work schedule as an accommodation.

Alanis merely argues that if her "flex schedule" was granted as an "informal accommodation," the revocation of that schedule somehow constitutes a failure to accommodate. At the time of being hired, when given the adjusted work schedule, Alanis testified herself that none of her medical ailments required accommodations and that she made no accommodation requests. Indeed, Alanis testified that her medical conditions did not impede her abilities to perform her job duties when hired and that she needed an adjusted work schedule so that she could take her son to school in the mornings. Although Alanis stated in her complaint that she was denied a reduced and flexible work schedule, the ability to work from home, and a work office with temperature controls, there is no indication in the record that she requested such accommodations or any explanation

demonstrating how such accommodations would be pertinent to any of her disabilities. "Upon receiving an accommodation request, an employer is not required to provide the exact accommodation requested." *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1178 (7th Cir. 2013). Instead, the employer is required to engage with the employee in an interactive process to determine the appropriate accommodation under the circumstances. *Id*. The record does not support Alanis' contention that Metra failed to reasonably accommodate her disability or refused to engage in the interactive process. Accordingly, Metra's motion for summary judgment on Alanis' accommodation claim is granted.

3. *Retaliation*

Metra moves for summary judgment on Alanis' retaliation claim arguing that she fails to establish retaliation under either the direct or indirect methods. Metra contends that there is no causal connection between Alanis' alleged discrimination complaints and any purported adverse actions. Alanis alleges that Metra retaliated against her by changing her work schedule because she complained of discrimination in January 2011. Alanis may proceed under either the direct or indirect methods of proof to establish a retaliation claim. *Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 601 (7th Cir. 2011). "To establish a case of retaliation under the direct method of proof, Alanis must show (1) she engaged in a statutorily protected activity; (2) she suffered an adverse action; and (3) a causal connection between the two." *Id.* To establish retaliation under the indirect method of proof, Alanis must show that she "1) engaged in protected activity; (2) was performing his job satisfactorily; and (3) was singled out for an adverse employment action that similarly situated employees who did not engage in protected activity did not suffer." *Id.* at 601-602. Once Alanis satisfies her initial burden, the burden then shifts to Metra to present a non-invidious reason for the adverse employment action. *Id*. at 602. If Metra meets this burden, Alanis must then demonstrate that Metra's proffered reason was pretextual. *Id*.

The record does not support Alanis' retaliation claim under either the direct or indirect methods. Under the direct method, Alanis fails to demonstrate a causal connection between her complaints of discrimination and the fact that her work schedule was changed to comply with Metra's "core hours." To show causation, Alanis must "provide evidence that her requests for accommodations were a 'substantial or motivating factor'" for the adverse action suffered. *Cloe*, 712 F.3d at 1180 (citing *Smith v. Bray*, 681 F.3d 888, 900 (7th Cir. 2012)). Direct admission of retaliatory motive is the easiest way to show that her requests were a substantial and motivating factor, but such an admission is rare and did not happen in this case. *Id*. Alanis may also show

4

causation by presenting "a convincing mosaic of circumstantial evidence that would support the inference that a retaliatory animus was at work." *Id*. Here, the facts presented are insufficient to meet this standard. Alanis' bare allegations fail to present a convincing mosaic of retaliatory animus. Alanis' retaliation claims also fail under the indirect method. The record is devoid of any evidence or indication that Alanis was singled out or treated differently from similarly situated employees. Moreover, Metra maintains that Alanis' work schedule was changed to properly comport with the company's policy. Alanis proffers no evidence that this reason was pretextual. Accordingly, Metra's motion for summary judgment as to Alanis' retaliation claim is granted.

   4. *FMLA Claims*

Lastly, Metra moves for summary judgment on Alanis' FMLA claims. Metra argues that Alanis' FMLA claims should be dismissed because Metra is permitted to require fitness-for-duty certifications for both continuous and intermittent leave. Metra also argues that under the ADA it is allowed to require employees to submit to ADA authorized fitness-for-duty exams which may go beyond what is authorized under the FMLA. Alanis argues that Metra violated her rights under the FMLA by requiring her to undergo excessive fitness-for-duty examinations. Alanis argues that under the FMLA, Metra is prohibited from requiring her to get a second opinion from its own physician to decide whether she actually has an FMLA-qualifying condition.

The FMLA makes available to eligible employees up to twelve weeks of leave during any twelve-month period for one or more of the following reasons: (1) the birth of the employee's child; (2) the placement of a child with the employee for adoption or foster care; (3) the care of the employee's child, spouse or parent who has a serious health condition; and (4) the inability of the employee himself to perform the functions of his position because of a serious health condition. 29 U.S.C. § 2612(a)(1). However, an employee's right to return to work after taking FMLA leave is not unlimited, and the FMLA permits an employer, as a condition of restoring employees who take FMLA leave, to have a policy that requires all such employees to obtain medical certification from the employer's personal health care provider indicating that the employee is able to resume work. 29 U.S.C. § 2614(a)(4); *see also Harrell v. United States Postal Serv.*, 445 F.3d 913, 919-920 (7th Cir. 2006).

Metra claims that it was entitled to require fitness-for-duty exams every 30 days upon Alanis' return from intermittent FMLA leave. *See* 29 CFR § 825.312(f). Alanis does not dispute that employers are generally entitled to require a fitness-for-duty exam once every 30 days where reasonable safety concerns exists, but argues that no such concerns existed in her case. The record

5

reflects Metra's stated concern about Alanis' safety following her sickness or occasional difficulties breathing or speaking. Alanis complains that communications between Metra's doctor and her personal physician went beyond mere clarification of her fitness to return to work as provided for in the FMLA. *See* 29 C.F.R. § 825.310(a)-(c). However, the only communication between Metra's physician and Alanis' personal physician, indicates that the physicians discussed a fact already disclosed in Alanis' FMLA certification provided by her personal physician: that Alanis' personal doctor intended to refer her to psychology for cognitive behavior therapy. Additionally, Alanis fails to present evidence that Metra's purported safety concerns were pretextual outside of conclusory statements to that effect. Accordingly, Metra's motion for summary judgment as to Alanis' FMLA claims is granted.

**Conclusion**

For the foregoing reasons, defendant Metra's motion for summary judgment is granted in its entirety. Alanis' complaint is dismissed in its entirety.

IT IS SO ORDERED.

_____
Date: March 31, 2014

Sharon Johnson Coleman
United States District Judge