IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELDA ALANIS, | ) |
| | ) No. 12-cv-07508 |
| Plaintiff, | ) |
| v. | ) Judge Sharon Johnson Coleman |
| METRA, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On March 31, 2014, the Court entered summary judgment in favor of defendant Metra. Shortly thereafter, Metra filed a Motion for Attorneys' Fees and Costs [98] and a Bill of Costs [100]. The parties briefed Metra's attorney fees motion pursuant to the Court's order, but no briefing schedule was set for Metra's Bill of Costs. For the reasons that follow, the Court denies Metra's motion for attorney fees and enters and continues the Bill of Costs.

**BACKGROUND**

Alanis originally filed her pro se action in September 2012 alleging that Metra discriminated against her because of a disability. She alleged that Metra failed to accommodate her disability and retaliated against her for filing a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and because she complained of discrimination. Alanis also alleged that Metra subjected her to a hostile work environment and harassed her by subjecting her to different terms of employment and violating her intermittent Family and Medical Leave Act ("FMLA") rights. *See* Dkt 96, the Court's Memorandum Opinion and Order. Metra filed a motion for summary judgment on March 14, 2013. After the matter was fully briefed, the cause was transferred to this Court's docket. On June 25, 2013, the Court granted Alanis' motions to proceed *in forma pauperis* and for appointment of counsel so that counsel could assist Alanis in opposing Metra's motion for

1

summary judgment. The parties unsuccessfully attempted to settle and then the Court granted Alanis leave to file an amended response and Rule 56 Statement to Metra's motion for summary judgment. Metra was also given leave to file an amended reply. The Court ultimately granted Metra's motion in its entirety.

DISCUSSION

1. **Attorney's Fees**

**Legal Standard**

The ADA specifically allows the prevailing party in an ADA action to recover attorney fees. *See* 42 U.S.C. § 12205. Whether to award attorney fees, however, is in the Court's discretion. *Id.*

Courts have applied the Supreme Court's holding that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith[,]" to claims for attorney fees in ADA cases *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978); *Malkowski v. PTC Capital Corp.*, No. 96 C 3109, 1998 WL 3811050, *2 (N.D. Ill. July 1, 1998) (applying *Christiansburg* and listing several cases doing the same). The Seventh Circuit has defined a "frivolous" claim as one that has no reasonable basis, whether in fact or in law. *Roger Whitmore's Auto. Servs., Inc. v. Lake County*, 424 F.3d 659, 675 (7th Cir. 2005).

Metra seeks $42,363.25 in attorney's fees because, it contends, Alanis' ADA claims were frivolous, unreasonable, and without foundation. It argues that Alanis was "put on notice that her claims were spurious and without merit" because the Illinois Department of Human Rights ("IDHR") dismissed her claims for lack of substantial evidence. Dkt 98, ¶ The Court finds Metra's argument to be unpersuasive. In addition to finding that Alanis' claims lacked substantial evidence, the IDHR also provided Alanis with the option to file a civil action should she disagree with the

IDHR's findings. Alanis exercised her option to file suit by pursuing her disability discrimination claim in the district court. The exercise of this option cannot be said to be unreasonable.

Further, Metra's assertion that Alanis' claims were "spurious and without merit" are not supported by the record. The parties engaged in discovery which resulted in the taking of five depositions, and then Metra relied on the evidence obtained during discovery in its motion for summary judgment. In reviewing and deciding Metra's motion for summary judgment, although both Alanis and Metra argued that her ADA harassment and hostile work environment claims were timely, the Court found that the Seventh Circuit actually has declined to recognize these causes of action under the ADA. Regarding Alanis' ADA failure to accommodate claim, the Court found that while she argued that Metra's revocation of her "flex schedule" constitutes a failure to accommodate, the record ultimately did not support her claim. Reviewing Alanis' retaliation claim under the direct and indirect methods, the Court found that she failed to demonstrate a causal connection between her complaints of discrimination and the change in her work schedule. She failed to show retaliatory motive or pretext. Moreover, the Court granted summary judgment on Alanis' FMLA claims only after determining that the record reflected Metra's concerns about Alanis' safety and that the fitness-for-duty exams fell within the FMLA and ADA. *See* Dkt 96.

The Court reviewed the parties' arguments and the evidence presented before determining that Metra's motion for summary judgment should be granted. "The fact that a plaintiff may ultimately lose [her] case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S. 5, 15 (1980); *see also Mortle v. United Parcel Service*, 247 Fed. Appx. 820, 823 (7th Cir. 2007). Therefore, the Court cannot conclude that Alanis' case was so lacking in facts as to be considered frivolous, unreasonable, or groundless and denies Metra's motion for attorney fees.

**2. Bill of Costs**

**Legal Standard**

Federal Rule of Civil Procedure 54(d) provides that, other than attorney's fees, the prevailing party is entitled to recover its costs. "Prevailing party" means "the party in whose favor judgment has been entered." *Republic of Tobacco Co. v. N. Atl. Operating Co.*, 481 F.3d 442, 446 (7th Cir. 2007). The Seventh Circuit has held that costs "must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present." *Mother & Father v. Cassidy*, 338 F.3d 704, 709-10 (7th Cir. 2003) (noting that denial is warranted only in situations involving misconduct of the party seeking costs or where the losing party is indigent). Metra requests costs in the amount $1,772.30, for the original transcript of Alanis' deposition, as well as for electronic transcripts of four additional witnesses and photocopy charges. These costs are taxable expenses contemplated by 28 U.S.C. § 1920 and the Court orders Alanis to pay Metra's expenses in the amount of $1,772.30.

**CONCLUSION**

The Court denies Metra's motion for attorney fees [98]. However, the Court orders Alanis to pay $1,772.30 in costs as set forth in Metra's bill of costs [100]. *See* Fed. R. Civ. P. 54(d).

IT IS SO ORDERED.

_____
Date: March 20, 2015

_____
Sharon Johnson Coleman
United States District Judge

4